Jason D Haymore (UT - 13236)
Pearson Butler, PLLC
1802 W. South Jordan Parkway, STE 200
South Jordan, UT 84095
(t)801-495-4104
JasonH@pearsonbutler.com
Attorney for Plaintiffs

### UNITED STATES COURT DISTRICT OF UTAH
### CENTRAL DIVISION, STATE OF UTAH

| | |
|---|---|
| ROBERT AUSTEN SAARI; CHRISTIAN CONNOR; JORDAN PIETAK; ENRIQUE MIRANDA and RORY RICKETTS,<br><br>    Plaintiffs,<br><br>vs.<br><br>SUBZERO ENGINEERING, INC, a Utah Registered Company; SENNECA HOLDINGS, INC, an Ohio Company; and DOES 1-10,<br><br>    Defendants. | **COMPLAINT AND JURY DEMAND**<br><br><br>Civil Case No.: 2:20-cv-00849-CMR<br><br><br>Honorable Magistrate Judge:<br>Cecilia M. Romero |

COMES NOW, Plaintiffs Robert Austen Saari, Christian Connor, Enrique Miranda, Rory Ricketts, and Jordan Pietak (collectively "Plaintiffs"), by and through undersigned counsel, and hereby bring this Complaint against Defendants Subzero Engineering, Inc. (hereinafter "Subzero"), Senneca Holdings, Inc (hereinafter "Senneca"), and Does 1-10 as follows:

### INTRODUCTION

1. This is a proceeding to redress unlawful employment practices committed by employer Subzero Engineering Inc. and Senneca Holdings, Inc. on the basis of failing

to pay overtime in violation of the Fair Labor Standards Act 29 U.S.C. § 2017 et seq. and obtain appropriate relief for Plaintiffs.

## PARTIES

2. Plaintiff Robert Austen Saari is an individual residing in Salt Lake County, State of Utah and at all times relevant to this action was an "employee" of Defendants, as defined in the Fair Labor Standards Act (hereinafter the "FLSA"). 29 U.S.C. § 203(e)(1).

3. Plaintiff Christian Connor is an individual residing in the State of Florida and at all times relevant to this action was an "employee" of Defendants, as defined in the Fair Labor Standards Act (hereinafter the "FLSA"). 29 U.S.C. § 203(e)(1).

4. Plaintiff Enrique Miranda is an individual residing in the State of West Virginia and at all times relevant to this action was an "employee" of Defendants, as defined in the Fair Labor Standards Act (hereinafter the "FLSA"). 29 U.S.C. § 203(e)(1).

5. Plaintiff Jordan Pietak is an individual residing in the State of Idaho and at all times relevant to this action was an "employee" of Defendants, as defined in the Fair Labor Standards Act (hereinafter the "FLSA"). 29 U.S.C. § 203(e)(1).

6. Plaintiff Rory Ricketts is an individual residing in the State of Nevada and at all times relevant to this action was an "employee" of Defendants, as defined in the Fair Labor Standards Act (hereinafter the "FLSA"). 29 U.S.C. § 203(e)(1).

7. Defendant Subzero Engineering, Inc. is registered in Utah as a foreign corporation with its American Headquarters located in Salt Lake County, the State of Utah, and at all times relevant herein was Plaintiffs' employer as defined in the FLSA. 29 U.S.C.§ 203(d).

8. Defendant Senneca Holdings Inc. is an Ohio registered corporation that owns and operates Subzero Engineering, Inc. in Salt Lake County, that State of Utah.

9. Defendants (Senneca and Subzero) are employers engaged in commerce and/or the production of goods for commerce, as those phrases are defined and used in the FLSA. (29 U.S.C. § 203(i)(j)).

10. Defendants (Senneca and SubZero) are involved in an "enterprise" as that term is defined in and used in the FLSA. (29 U.S.C. § 203(s)(1)(a)).

11. At all times relevant herein, Plaintiffs were non-exempt employees of Defendants as that term is used in the FLSA

## JURISDICTION AND VENUE

12. This Court has original jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 216(b)

13. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

## FACTS

14. SubZero ("Zero") in is in the business of providing fully customized containment solutions, to customers in Utah, Florida, West Virginia, and Idaho, as well as other states.

15. ZERO, according to their employee handbook, has the responsibility to keep an accurate record of time worked into order to calculate employee pay and benefits. Overtime is paid to all non-exempt employees and is based on actual hours worked. All hours worked are required to be recorded.

16. Senneca Holdings, Inc., is a holding company whose subsidiary companies provide specialty doors.

17. Plaintiff Saari was employed by Defendants as Director of Global Sales for SubZero.

18. Plaintiff Saari, began working for ZERO, in June of 2013 as an installer. His starting pay was $25 per hour. He routinely worked over 40 hours per week. Saari was instructed to email his timecard to Eric Peterson at Site Services.

19. During the time that Plaintiff Saari worked more than forty (40) hours per workweek, Defendants did not pay Plaintiff Saari overtime wages as required by the FLSA.

20. In October 2013, Saari, was made a Team Lead.  As Team Lead, Plaintiff Saari was a full-time, non-exempt employee, who was authorized to work in excess of forty (40) hours per workweek while on projects. In his position as Team Lead, Saari, had no authority to hire or fire employees, and his position carried not weight with regard to suggestions or recommendations for hiring, firing or advancing other employees

21. In February 2019, Plaintiff Saari was given a new compensation structure, that included a graduated commission structure. In addition to the commissions, Plaintiff Saari was promised reimbursement for travel and work-related expenses.

22. In January 2020, Plaintiff Saari incurred over $7,000.00 in travel and work-related expenses. Plaintiff Saari submitted those expenses in February 2020. The first submission, he was told, had been deleted when his access to Concur was cut-off. The second submission, which he completed rebuilt, was again lost, with no explanation. The third submission, sat in an approval queue for weeks, and was then denied as being out of date. When Plaintiff Saari, contacted Senneca for answers, he was told his expenses would not be paid, and given no explanation.

23. Plaintiff Connor began working for ZERO, on August 20, 2012 as a temporary installer. His starting pay was $28.00 per hour. He routinely worked over 40 hours per week. Connor was instructed to email his timecard to Eric Peterson at Site Services.

24. In January/February of 2014, Connor was made a Team Lead. As Team Lead, Plaintiff Connor was a full-time, non-exempt employee, who was authorized to work in excess of forty (40) hours per workweek while on projects. In his position as Team Lead, Connor had no authority to hire or fire employees, and his position carried no weight with regard to suggestions or recommendations for hiring, firing or advancing other employees.

25. Connor performed construction an installation work alongside the other members of his team. Such work included repetitive operations with his hands, physical skill and energy.

26. Defendants did not pay Plaintiff Connor overtime wages as required by the FLSA.

27. Connor was routinely authorized to work over 40 hours each week. Connor was told that his overtime would be put into a "bank" and that this money would be paid to him in months where there was no work, instead of his overtime being paid during the pay period in which he earned it, as required by FLSA. Connor was paid out monies from the "bank" as straight time, at the end of each quarter: at the regular rate of pay, and not at the required premium rate of 1 ½ times his hourly rate. ZERO illegally banked Connor's overtime hours instead of paying him in the weeks he earned the hours and at the premium rate.

28. Defendants did not pay Plaintiff Connor overtime wages as required by the FLSA.

29. In December 2017, Connor was provided a small break down of his hours worked between August 20, 2017 and December 17, 2017. During that time Connor worked a total of 149 hours of overtime. However, during this same time period, Connor was only ever paid 40 hours each pay period. Connor's remaining hours were illegally banked and never paid out at the premium rate of 1 ½ times his hourly rate, for his overtime worked.

30. Plaintiff Miranda was employed by Defendants in various positions, including Team Lead beginning in 2016.

31. In 2018, Plaintiff Miranda was made a Lead Installer. As a Lead Installer, Plaintiff Miranda was a full-time, non-exempt employee, who was authorized to work in excess of forty (40) hours per workweek while on projects. In his position as Lead Installer, Miranda had no authority to hire or fire employees, and his position carried no weight, with regard to suggestions or recommendations for hiring, firing or advancing other employees.

32. Plaintiff Miranda performed construction an installation work along-side the other members of his team. Such work included repetitive operations with his hands, physical skill and energy.

33. During the time that Plaintiff Miranda worked more than forty (40) hours per workweek, Defendants did not pay Plaintiff Miranda overtime wages as required by the FLSA.

34. Plaintiff Miranda was routinely authorized to work over 40 hours each week. Miranda was told that his overtime would be put into a "bank" and that this money would be

paid to him in months where there was no work, instead of his overtime being paid during the pay period in which he earned it, as required by FLSA.

35. Plaintiff Jordan Pietak began working for Defendants in late 2013. Pietak was employed as an installation tech and paid $30.00 per hour. While employed as an installation tech Pietak would email his work hours to his lead.

36. In 2017 Pietak became a Team Lead. As a Team Lead, Plaintiff Pietak was a full-time, non-exempt employee, who regularly worked in excess of forty (40) hours per workweek while on projects. While employed as a team lead, Pietak's overtime hours were illegally banked by Defendants, and not paid out in the weeks that Pietak worked the overtime, and not at the premium rate of 1 ½ times his normal hourly rate.

37. As a Team Lead, Plaintiff Pietak was a full-time, non-exempt employee, who was authorized to work in excess of forty (40) hours per workweek while on projects. In his position as Team Lead, Pietak had no authority to hire or fire employees, and his position carried no weight, with regard to suggestions or recommendations for hiring, firing or advancing other employees.

38. Plaintiff Pietak performed construction an installation work along-side the other members of his team. Such work included repetitive operations with his hands, physical skill and energy.

39. Defendants did not pay Plaintiff Pietak overtime wages as required by the FLSA.

40. Plaintiff Ricketts was employed by Defendants in various positions, including Team Lead.

41. In 2017 Ricketts became a Lead Installer. As a Lead Installer, Plaintiff Ricketts was a full-time, non-exempt employee, who regularly worked in excess of forty (40) hours

per workweek while on projects. While employed as a Lead Installer, Ricketts's overtime hours were illegally banked by Defendants, and not paid out in the weeks that Ricketts worked the overtime, and not at the premium rate of 1 ½ times his normal hourly rate

42. As a Lead Installer, Plaintiff Ricketts was a full-time, non-exempt employee, who was authorized to work in excess of forty (40) hours per workweek while on projects. In his position as Lead Installer, Ricketts had no authority to hire or fire employees, and his position carried no weight, with regard to suggestions or recommendations for hiring, firing or advancing other employees.

43. During the time that Plaintiff Ricketts worked more than forty (40) hours per workweek, Defendants did not pay Plaintiff Ricketts overtime wages as required by the FLSA.

**FIRST CLAIM FOR RELIEF**
*Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act, 29 U.S.C. §§ 207 (a)(1)*
*CHRISTIAN CONNOR*

44. The preceding paragraphs are incorporated by reference as if fully set forth herein.

45. At all relevant times herein, Defendants have been and continue to be an "employer" within the meaning of the FLSA.

46. Defendants engage in interstate commerce for purposes of the FLSA and, upon information and belief, have experienced annual gross sales in excess of $500,000, at all times relevant to this action.

47. At all times relevant herein, Defendants were and are responsible for paying wages to Plaintiff Christian Connor.

48. At all times relevant herein, Plaintiff Connor was employed by Defendants as an "employee" within the meaning of the FLSA.

49. Plaintiff Connor consistently worked in excess of forty (40) hours per workweek while on projects and was entitled to overtime compensation for that time.

50. Defendants failed to pay any overtime wages to Plaintiff Connor for the time worked in excess of forty (40) hours while on projects, in violation of the FLSA.

51. Under the FLSA, employers must pay a non-exempt employee at least one and one-half times the regular rate of pay for each hour worked in excess of 40 hours per workweek.

52. Plaintiff Connor is/was a blue-collar worker as defined in the Fair Labor Standards Act, because he regularly participated in production and construction work along-side the other members of his team. There is no exemption that precludes Plaintiff Connor from being paid overtime, in the weeks he earned it, and at the premium rate of 1 ½ times his regular hourly rate.

53. Defendants employed an illegal program were Plaintiff was required to "bank" hours worked in excess of forty (40) hours in a given week to be used when there was no work to be completed.

54. Defendants were fully aware that refusing to pay overtime wages and implementing a prohibited "bank" hours program violated Plaintiffs' federally protected rights.

55. Defendants knowingly, willfully, and maliciously violated Plaintiff Connor's federally protected rights under the FLSA.

56. Plaintiff Connor has been damaged by Defendants' failure to compensate him for overtime wages earned during his employment.

57. Defendants owe Plaintiff the unpaid overtime wages earned, plus an equal amount as liquidated damages, as mandated by the FLSA.

58. As a result of Defendants' violation of the FLSA, Plaintiff is entitled to recover reasonable attorney's fees and costs in bringing this action.

59. As a result of Defendants' intentional and willful violations of the overtime provision of the FLSA, Plaintiff is entitled to pre-judgment interest, post-judgment interest, punitive damages, and all other damages recoverable under the provision of the FLSA.

### SECOND CLAIM FOR RELIEF
*Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act, 29 U.S.C. §§ 207 (a)(1)*
*RORY RICKETTS*

60. The preceding paragraphs are incorporated by reference as if fully set forth herein.

61. At all relevant times herein, Defendants have been and continue to be an "employer" within the meaning of the FLSA.

62. Defendants engage in interstate commerce for purposes of the FLSA and, upon information and belief, have experienced annual gross sales in excess of $500,000, at all times relevant to this action.

63. At all times relevant herein, Defendants were and are responsible for paying wages to Plaintiff Ricketts.

64. At all times relevant herein, Plaintiff Ricketts was employed by Defendants as "employees" within the meaning of the FLSA.

65. Under the FLSA, employers must pay a non-exempt employee at least one and one-half times the regular rate of pay for each hour worked in excess of 40 hours per workweek.

66. Plaintiff Ricketts is non-exempt employees under the FLSA and were therefore entitled to overtime wages of one and one-half times their regular hourly rates for each hour worked in excess of 40 hours worked in a workweek.

67. Plaintiff Ricketts is a blue-collar worker as defined in the Fair Labor Standards Act, because he regularly participated in production and construction work along-side the other members of his team. There is no exemption that precludes Plaintiff Ricketts from being paid overtime, in the weeks he earned it, and at the premium rate of 1 ½ times his regular hourly rate.

68. Defendants employed a program were Plaintiff Ricketts was required to "bank" hours worked in excess of forty (40) hours in a given week to be used when there was no work to be completed.

69. Defendants were fully aware that refusing to pay overtime wages and implementing a prohibited "bank" hours program violated Plaintiff Ricketts' federally protected rights.

70. Defendants knowingly, willfully, and maliciously violated Plaintiff Rickett's federally protected rights under the FLSA.

71. Plaintiff Ricketts has been damaged by Defendants' failure to compensate him for overtime wages earned during his employment.

72. Defendants owe Plaintiff Ricketts the unpaid overtime wages earned, plus an equal amount as liquidated damages, as mandated by the FLSA.

73. As a result of Defendants' violation of the FLSA, Plaintiff Ricketts is entitled to recover reasonable attorney's fees and costs in bringing this action.

74. As a result of Defendants' intentional and willful violations of the overtime provision of the FLSA, Plaintiff Ricketts is entitled to pre-judgment interest, post-judgment interest, punitive damages, and all other damages recoverable under the provision of the FLSA.

### THIRD CLAIM FOR RELIEF
*Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act*
*29 U.S.C. § 207(1)*
*ROBERT AUSTIN SAARI*

75. The preceding paragraphs are incorporated by reference as if fully set forth herein.

76. At all relevant times herein, Defendants have been and continue to be an "employer" within the meaning of the FLSA.

77. Defendants engage in interstate commerce for purposes of the FLSA and, upon information and belief, have experienced annual gross sales in excess of $500,000, at all times relevant to this action.

78. At all times relevant herein, Defendants were and are responsible for paying wages to Plaintiff Saari.

79. At all times relevant herein, Plaintiff was employed by Defendants as an "employee" within the meaning of the FLSA.

80. Under the FLSA, employers must pay a non-exempt employee at least one and one-half times the regular rate of pay for each hour worked in excess of 40 hours per workweek.

81. Plaintiff Saari is non-exempt employee under the FLSA and were therefore entitled to overtime wages of one and one-half times his regular hourly rates for each hour worked in excess of 40 hours worked in a workweek.

82. Defendants employed a program were Plaintif Saari was required to "bank" hours worked in excess of forty (40) hours in a given week to be used when there was no work to be completed.

83. Defendants were fully aware that refusing to pay overtime wages and implementing a prohibited "bank" hours program violated Plaintiff Saari's federally protected rights.

84. Defendants knowingly, willfully, and maliciously violated Plaintiff Saari's federally protected rights under the FLSA.

85. Plaintiff Saari has been damaged by Defendants' failure to compensate him for overtime wages earned during his employment.

86. Defendants owe Plaintiff Saari the unpaid overtime wages earned, plus an equal amount as liquidated damages, as mandated by the FLSA.

87. As a result of Defendants' violation of the FLSA, Plaintiff Saari is entitled to recover reasonable attorney's fees and costs in bringing this action.

88. As a result of Defendants' intentional and willful violations of the overtime provision of the FLSA, Plaintiff Saari is entitled to pre-judgment interest, post-judgment interest, punitive damages, and all other damages recoverable under the provision of the FLSA.

### FOURTH CLAIM FOR RELIEF
*Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act*
*29 U.S.C. § 207(1)*
*ENRIQUE MIRANDA*

89. The preceding paragraphs are incorporated by reference as if fully set forth herein.

90. At all relevant times herein, Defendants have been and continue to be an "employer" within the meaning of the FLSA.

91. Defendants engage in interstate commerce for purposes of the FLSA and, upon information and belief, have experienced annual gross sales in excess of $500,000, at all times relevant to this action.

92. At all times relevant herein, Defendants were and are responsible for paying wages to Plaintiffs.

93. At all times relevant herein, Plaintiff Miranda was employed by Defendants as an "employee" within the meaning of the FLSA.

94. Under the FLSA, employers must pay a non-exempt employee at least one and one-half times the regular rate of pay for each hour worked in excess of 40 hours per workweek.

95. Plaintiff Miranda is non-exempt employees under the FLSA and were therefore entitled to overtime wages of one and one-half times his regular hourly rates for each hour worked in excess of 40 hours worked in a workweek.

96. Defendants employed a program were Plaintiff Miranda was required to "bank" hours worked in excess of forty (40) hours in a given week to be used when there was no work to be completed.

97. Defendants were fully aware that refusing to pay overtime wages and implementing a prohibited "bank" hours program violated Plaintiff Miranda's federally protected rights.

98. Defendants knowingly, willfully, and maliciously violated Plaintiff Miranda's federally protected rights under the FLSA.

99. Plaintiff Miranda has been damaged by Defendants' failure to compensate him for overtime wages earned during his employment.

100. Defendants owe Plaintiff Miranda the unpaid overtime wages earned, plus an equal amount as liquidated damages, as mandated by the FLSA.

101. As a result of Defendants' violation of the FLSA, Plaintiff Miranda is entitled to recover reasonable attorney's fees and costs in bringing this action.

102. As a result of Defendants' intentional and willful violations of the overtime provision of the FLSA, Plaintiff Miranda is entitled to pre-judgment interest, post-judgment interest, punitive damages, and all other damages recoverable under the provision of the FLSA

**FIFTH CLAIM FOR RELIEF**
*Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act*
*29 U.S.C. § 207(1)*
*JORDAN PIETAK*

103. The preceding paragraphs are incorporated by reference as if fully set forth herein.

104. At all relevant times herein, Defendants have been and continue to be an "employer" within the meaning of the FLSA.

105. Defendants engage in interstate commerce for purposes of the FLSA and, upon information and belief, have experienced annual gross sales in excess of $500,000, at all times relevant to this action.

106. At all times relevant herein, Defendants were and are responsible for paying wages to Plaintiff Pietak.

107. At all times relevant herein, Plaintiff Pietak was employed by Defendants as an "employee" within the meaning of the FLSA.

108. Under the FLSA, employers must pay a non-exempt employee at least one and one-half times the regular rate of pay for each hour worked in excess of 40 hours per workweek.

109. Plaintiff Pietak was a non-exempt employee under the FLSA and were therefore entitled to overtime wages of one and one-half times his regular hourly rates for each hour worked in excess of 40 hours worked in a workweek.

110. Defendants employed a program were Plaintiff Pietak was required to "bank" hours worked in excess of forty (40) hours in a given week to be used when there was no work to be completed.

111. Defendants were fully aware that refusing to pay overtime wages and implementing a prohibited "bank" hours program violated Plaintiff Pietak's federally protected rights

112. Defendants knowingly, willfully, and maliciously violated Plaintiff Pietak's federally protected rights under the FLSA.

113. Plaintiff Pietak has been damaged by Defendants' failure to compensate him for overtime wages earned during his employment.

114. Defendants owe Plaintiff Pietak the unpaid overtime wages earned, plus an equal amount as liquidated damages, as mandated by the FLSA.

115. As a result of Defendants' violation of the FLSA, Plaintiff Pietak is entitled to recover reasonable attorney's fees and costs in bringing this action.

116. As a result of Defendants' intentional and willful violations of the overtime provision of the FLSA, Plaintiff Pietak is entitled to pre-judgment interest, post-

judgment interest, punitive damages, and all other damages recoverable under the provision of the FLSA

## REQUEST FOR JURY TRIAL

Plaintiffs request that this matter be tried before a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court:

1. Award Plaintiffs' unpaid overtime wages in an amount to be proven at trial,

2. Award liquidated damages in an amount equal to the aggregate of Plaintiffs' underpayment of overtime wages as proven at trial;

3. Award Plaintiffs reimbursement for all costs and expenses incurred in bringing and prosecuting this action, including court costs and reasonable attorneys' fees;

4. Enter judgment in favor of Plaintiffs for compensatory and punitive damages in an amount to be proved at trial;

5. Award pre- and post-judgment interest on all unpaid overtime wage; and

6. Award such other relief as the Court deems just and equitable.

DATED this 2nd day of December, 2020.

PEARSON BUTLER, PLLC

*/s/ Jason D. Haymore*
Jason D. Haymore
*Attorney for Plaintiffs*