FILED
2021 JAN 28 PM 3:33
CLERK
U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROBERT AUSTEN SAARI; CHRISTIAN CONNOR; JORDAN PIETAK; ENRIQUE MIRANDA and RORY RICKETTS,<br><br>Plaintiffs,<br><br>v.<br><br>SUBZERO ENGINEERING, INC., a Utah registered company; SENNECA HOLDINGS, INC. an Ohio company; and DOES 1-10,<br><br>Defendants. | **SCHEDULING ORDER**<br><br>Case No. 2:20-cv-00849-CMR<br><br>Magistrate Judge Cecilia M. Romero |

Pursuant to Fed. R. Civ. P. 16(b), the court received the Attorney Planning Meeting Report filed by counsel.  The following matters are scheduled.  The times and deadlines set forth herein may not be modified without the approval of the court and on a showing of good cause pursuant to Fed. R. Civ. P. 6.

**\*\*ALL TIMES 4:30 PM UNLESS INDICATED\*\***

| | **1.** | **PRELIMINARY MATTERS** | **DATE** |
|---|---|---|---|
| | | Nature of claims and any affirmative defenses: | |
| | a. | Date the Rule 26(f)(1) conference was held? | *01/21/2021* |
| | b. | Have the parties submitted the Attorney Planning Meeting Report? | *01/26/2021* |
| | c. | Deadline for 26(a)(1) initial disclosures? | *02/26/2021* |
| | **2.** | **DISCOVERY LIMITATIONS** | **NUMBER** |
| | a. | Maximum number of depositions by Plaintiff(s): | *10* |

b.   Maximum number of depositions by Defendant(s):               *10*

c.   Maximum number of hours for each deposition                  *7 except*
(unless extended by agreement of parties):                        *that the*
                                                                  *deposition*
                                                                  *of Plaintiffs*
                                                                  *may exceed*
                                                                  *7 hours*

d.   Maximum interrogatories by any party to any party:           *35*

e.   Maximum requests for admissions by any party to any          *25*
party:

f.   Maximum requests for production by any party to any          *45*
party:

g.   The parties shall handle discovery of electronically stored information as follows:

The parties agree that any ESI may be produced in either hard copy or .pdf format, as long as the format is reasonably legible.  The parties agree that ESI and other documents will be manually self-collected by the document custodians at the direction and oversight of counsel.  The parties do not anticipate the need to produce or preserve metadata.  After the initial production in hard copy or .pdf is complete, a party desiring ESI in native file format must demonstrate a need consistent with Fed. R. Civ. P. 26(b) for such production.  If ESI is demonstrated by the producing party to be not reasonably accessible, the parties will work together to evaluate alternative means of production.  The parties also anticipate that it will not be necessary to access inactive data stores, including, but not limited to, back-up tapes.  If a party believes that such access has become necessary and the information is not obtainable elsewhere in a reasonably legible format the requesting party shall first attempt to informally resolve the matter with the producing party.  Should that effort fail, the requesting party may seek permission from the Court to access such information by showing good cause as defined by the Federal Rules of Civil Procedure and relevant case law.

h.   The parties shall handle a claim of privilege or protection as trial preparation material asserted after production as follows: *Include provisions of agreement to obtain the benefit of Fed. R. Evid. 502(d).*

All documents that are protected by attorney-client privilege and/or work product doctrine shall be governed by Fed. R. Civ. P. 26(b)(5)(B) and Fed. R. Evid. 502.  In accordance with Fed.R.Civ.P. 26(b)(5)(B), if information produced in discovery is subject to a claim of privilege or of protection pursuant to the work product doctrine, including but not limited to trial preparation material, the party making the claim may notify any party that received the information of the claim about the inadvertent disclosure and the basis of the privilege and/or doctrine.  After being notified, a party must promptly return, sequester, or destroy any copies of the specified information it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim.  The producing party must preserve the information until the claim is resolved.

The production of documents that are privileged or subject to protection pursuant to the work product doctrine, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This agreement shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

i.   Last day to serve written discovery:                                              *12/31/2021*

j.   Close of fact discovery:                                                          *2/28/2022*

k.   (*optional*) Final date for supplementation of                                    *2/28/2022*
     disclosures and discovery under Rule 26(e):

**3.   AMENDMENT OF PLEADINGS/ADDING PARTIES**[1]                          **DATE**

a.   Last day to file Motion to Amend Pleadings:         Plaintiffs   *02/26/2021*
                                                         Defendants   *03/31/2021*

b.   Last day to file Motion to Add Parties:             Plaintiffs   *02/26/2021*
                                                         Defendants   *03/31/2021*

---

[1] Counsel must still comply with the requirements of Fed. R. Civ. P. 15(a).

| 4. | **RULE 26(a)(2) EXPERT DISCLOSURES & REPORTS** | | **DATE** |
|---|---|---|---|

**Disclosures (subject and identity of experts)**

| | a. | Party(ies) bearing burden of proof: | *02/28/2022* |
|---|---|---|---|
| | b. | Counter disclosures: | *04/30/2022* |

**Reports**

| | a. | Party(ies) bearing burden of proof: | *03/31/2022* |
|---|---|---|---|
| | b. | Counter reports: | *05/31/2022* |

| 5. | **OTHER DEADLINES** | | **DATE** |
|---|---|---|---|
| | a. | Last day for expert discovery: | *7/31/2022* |
| | b. | Deadline for filing dispositive or potentially dispositive motions: | *5/31/2022* |
| | c. | Deadline for filing partial or complete motions to exclude expert testimony: | *4/30/2022* |

| 6. | **SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION** | | **DATE** |
|---|---|---|---|
| | a. | Likely to request referral to a magistrate judge for settlement conference: | *No* | |
| | b. | Likely to request referral to court-annexed arbitration: | *No* | |
| | c. | Likely to request referral to court-annexed mediation: | *No* | |
| | d. | The parties will complete private mediation/arbitration by: | | *09/30/2022* |
| | e. | Evaluate case for settlement/ADR on: | | *11/30/2021* |
| | f. | Settlement probability: | | |

**7.**  **TRIAL AND PREPARATION FOR TRIAL**

If the parties do not intend to file dispositive or potentially dispositive motions, a scheduling conference will be held for purposes of setting a trial date. 06/07/2022 at 2:00 p.m.

At the time of argument on motions for summary judgment, the court will discuss the scheduling of trial. Counsel should come to the hearing prepared to discuss possible trial dates. If the schedule set forth herein is not extended, the parties can generally expect that trial will be set within three to six months.

**8.**  **OTHER MATTERS**

Parties should fully brief all Motions in Limine well in advance of the pretrial conference.

DATED this 27 January 2021.

_Cecilia M. Romero_
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah

5